**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEC 1 8 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**TOQUATA TAPPIN, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                              No. 4:19-cv- 912-JM

**BRW, INC., and BERNARD R. WAIT**                    **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Toquata Tappin, individually and on behalf of all others similarly situated, by and through her attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants BRW, Inc., and Bernard R. Wait (collectively "Defendants"), she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Toquata Tappin ("Plaintiff"), individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge Moody
and to Magistrate Judge Deere

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.     Plaintiff is an individual and resident of Pulaski County.

8.     Within the three years preceding the filing of this Complaint, Plaintiff was an hourly paid employee of Defendant.

9.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

10.     Defendant BRW, Inc. ("BRW"), is a domestic, for-profit corporation.

11.     BRW does business as Servicemaster Twin Cities.

12.     BRW's registered agent for service is Bernard R. Wait, at 11 Aberdeen Drive, Little Rock, Arkansas 72223.

13.     Defendant Bernard R. Wait ("Wait") is an individual and a domiciliary of Arkansas.

14.     Wait is the owner, principal, officer and/or director of BRW.

15.     Wait manages and controls the day-to-day operations of BRW, including but not limited to the decision to not pay Plaintiff and similarly situated employees for all hours worked.

16.     Defendants own and operate a janitorial business.

17.     Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

18.     Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

19.      Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.      FACTUAL ALLEGATIONS

20.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21.     Plaintiff was employed by Defendants as a Supervisor from approximately February of 2019 until September of 2019.

22.     As a Supervisor, Plaintiff performed duties on Defendants' behalf such as janitorial work, scheduling, and ensuring all shifts were fully staffed.

23.     As a Supervisor, Plaintiff did not have the authority to hire or fire other employees.

24.     As a Supervisor, Plaintiff did not exercise discretion or independent judgment as to matters of significance.

25.     Defendants classified Plaintiff as non-exempt from the FLSA and paid her an hourly wage.

26.     Plaintiff regularly worked more than forty hours in a week.

27.     Plaintiff frequently worked more hours than she was scheduled, which went unrecorded and uncompensated.

28.     Plaintiff's duties during these "off-the-clock" hours included calling employees to make sure they showed up for shifts.

29.     These off-the-clock hours amounted to at least two (2) additional hours per week for which Plaintiff was not compensated.

30.     Defendants knew or should have known that Plaintiff was working additional off-the-clock hours for which she was not compensated.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

31.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Overtime premiums for all hours worked over forty (40) hours in any week;

B.      Liquidated damages; and

C.      Attorney's fees and costs.

33.      Plaintiff proposes the following class under the FLSA:

**All supervisors within the last three years.**

34.      In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35.      The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36.      The members of the proposed FLSA class are similarly situated in that they share these traits:

A.      They were subject to Defendants' common policy of failing to pay for all hours worked over forty (40) per week; and

B.      They had substantially similar job duties, requirements, and pay provisions.

37.      Plaintiff is unable to state the exact number of the class but believes that the class exceeds five (5) persons.

38.      Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

39.      The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

40.　The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.　FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

41.　Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42.　Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43.　At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44.　29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45.　Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

46.　Defendants failed to pay Plaintiff for all hours worked, including failing to pay her one and one-half times her regular rate for all hours worked in excess of forty hours per week.

47.　Defendants knew or should have known that their actions violated the FLSA.

48.　Defendants' conduct and practices, as described above, were willful.

49.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

54.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over

forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56.    Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

57.    Defendants failed to pay Plaintiff and similarly situated employees for all hours worked, including failing to pay them one and one-half times their regular rate for all hours worked in excess of forty hours per week.

58.    Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

59.    Defendants knew or should have known that its actions violated the FLSA.

60.    Defendants' conduct, as described above, has been willful.

61.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62.    Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

66.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

68.     Defendants classified Plaintiff as non-exempt from the requirements of AMWA.

69.     Defendants failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

70.     Defendants knew or should have known that its practices violated the AMWA.

71.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

72.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Toquata Tappin, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TOQUATA TAPPIN, Individually
and on Behalf of all Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com